UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
XIU JIAN SUN,

                        Plaintiff,

    -against-

ROBERT A. KATZMANN, CATHERINE
O'HAGAN WOLFE, ERIC N. VITALIANO,
CHERYL L. POLLAK, DOUGLAS C.
PALMER, JANET HAMILTON, ERNEST J.
CAVALLO, AKWEI OKO ACQUAYE,
TIMOTHY J. DUFFICY, WILLIAM A. VISCOVICH,
JAGESHWAR SHARNA, MICHELLE WESTON J.P.,
THOMAS P. ALIOTTA, DAVID ELLIOT, JJ,
PAUL KENNY, MICHAEL L. PESCE, P.J.,
MARTIN M. SOLOMON JJ, ANGELA G.
IANNACCI, J.P.; ANTHONY MARANO;
JERRY GARGUILO, JJ, FRANCESCA E.
CONNOLLY, JJ, PETER J. O'DONOGHUE
DICCIA T. PINEDA-KIRWAN, LEONARD
LIVOTE, ALLAN B. WEISS, EDGAR G.
WALKER, WILLIAM F. MASTRO, J.P.,
REINALDO E. RIVERA, JOHN M. LEVENTHAL,
COLLEEN D. DUFFY JJ, BETSY BARROS, JJ,
PETER B. SKELOS, J.P., RUTH C. BALKIN,
THOMAS A. DICKERSON, HECTOR D.
LASALLE, JJ, APRILANNE AGOSTINO,
DAVID S. SHOTTEN, LEN BROWN,
VINCENT J. MARTORANA, ZACHARY
CARTER, AARON M. BLOOM, New York
City Law Department Office of Corporation
Counsel, DAVID LAWRENCE, III, New York
State Office of the Attorney General,
DANIELE DEZAGO, JAMES W. TUFFIN,
Law Offices of SANTANGELO, BENVENUTO
& SLATTERY, JONES HIRSCH CONNORS
MILLER & BULL P.C., MICHAEL P. KELLY,
ESQ., JAMES P. CONNORS, ESQ., CHARLES
T. GURA, ESQ., ANGELA M. EVANGELISTA,
ESQ., MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, WILLIAM YEUNG,
Law Office of YEUNG & WANG PLLC,

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
16-CV-3937 (LDH) (LB)



1

CHRISTOPHER J. BAUM, THOMAS BAILEY,
BAUM & BAILEY, P.C., D. STAN O'LOUGHLIN,
Attorney General's Office of ERIC T.
SCHNEIDERMAN, Attorney General of State of
New York ERIC T. SCHNEIDERMAN, Office
of the Attorney General, Division of Appeals &
Opinions, STEPHEN MULLKOFF, ESQ.,
DEMIDCHK LAW FIRM PLLC, BILL & LYNNE
BAILEY, DICK BAILEY SERVICE INC.,
PHILIP O. OHENE, Attorney from PHILLIP O.
OHENE ESQ.,

         Defendants.
------------------------------------------------------------------X
LASHANN DEARCY HALL, United States District Judge:

On July 15, 2016, plaintiff Xiu Jian Sun, identifying as "the spiritual Adam," filed this *pro se* action against numerous defendants, most of whom are judges in various state and federal courts. Plaintiff paid the statutory filing fee to commence this action. For the reasons set forth below, the action is dismissed.

## BACKGROUND

Plaintiff does not provide any facts against any of the defendants named herein. Rather, Plaintiff makes the following statements:

> Jehovah – the Lord of the host, sent the messenger said to servant: "Woe unto the Pharisees and the lawyers."

> Jehovah – the Lord god of host gives the words to servant (Plaintiff) in the temple he made, "Trial with god's law. Apply for jury to prevent insult and unfair behavior."

(Compl. at 16, ECF No. 1). Plaintiff does not state the relief he seeks but requests a Mandarin Chinese court interpreter. (*Id.*) The instant complaint is similar to a prior complaint that Plaintiff filed on March 4, 2016. *See Xiu Jin Sun v. Cavallo, et al.*, No. 16-CV-1083 (ENV) (CLP). By Order dated March 19, 2016, that action was dismissed as frivolous. (Memorandum and Order, No. 16-cv-1083 (ENV) (CLP), ECF No. 39.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the required filing fee); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict

3

them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

In light of the rudimentary nature of Plaintiff's pleadings, the Court would ordinarily afford Plaintiff an opportunity to amend the complaint to provide a statement of claim that would comply with Rule 8 of the Federal Rules of Civil Procedure. However, the Court declines to afford plaintiff such an opportunity given that this is Plaintiff's second action and because nothing in the complaint gives any indication that Plaintiff has a valid claim against any of the numerous Defendants named. It is unclear what harm Plaintiff allegedly suffered, what acts by the Defendants allegedly caused that harm, and what federal rights were allegedly infringed. To the extent Plaintiff complains that any of the Defendants violated some religious tenet, such a claim is not enforceable in federal court. Moreover, to the extent Plaintiff sues state and federal judges for actions taken in their judicial capacity, those claims are dismissed as these judges would be entitled to absolute immunity. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (stating that "judicial immunity is an immunity from suit, not just from the ultimate assessment of damages") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.").

Accordingly, the complaint is dismissed as frivolous, *see Montero v. Travis*, 171 F.3d 757, 761-62 (2d Cir. 1999) (per curiam) and because the judicial officers named herein would be entitled to absolute immunity for any actions related to their judicial duties. *Tapp v. Champagne*, 164 F. App'x 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of claims against judges protected by absolute immunity).

4

## CONCLUSION

The complaint is dismissed as frivolous. The Court declines to grant leave to amend as it would be futile. Furthermore, this Court will not tolerate abusive, vexatious and frivolous litigation. As this is Plaintiff's second frivolous action, he is hereby cautioned that if he continues to file similar actions, he may be subject to restrictions, upon notice and opportunity to be heard, including but not limited to, the imposition of a leave-to-file requirement and monetary sanctions. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (courts may impose sanctions, including restrictions on future access to the judicial system, if a litigant has a history of filing vexatious, harassing, or duplicative lawsuits); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (a district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999) (same); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction).

Although Plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (a district court may deny leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) if the trial court certifies in writing that the appeal is not taken in good faith). The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

_s/ LaShann DeArcy Hall_
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
July      , 2016